IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PAUL HARRIS                                                                                              PLAINTIFF

v.                                            Civil No. 4:16-cv-04116

BRYAN CHESSHIR, Prosecuting
Attorney; ERIN HUNTER,
Prosecuting Attorney, Little River County; and
MICKEY BUCHANAN, Public Defender
Little River County                                                                                   DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Paul Harris filed this case *pro se* pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before me is the issue of preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to the PLRA, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**BACKGROUND**

Plaintiff originally filed this case *pro se* on June 10, 2016, in the Eastern District of Arkansas. ECF No. 2. The case was transferred to the Western District of Arkansas, Texarkana Division, on December 5, 2016. ECF No. 3. Plaintiff's Motion to Proceed *in forma pauperis* was granted that same day. ECF No. 6.

Plaintiff has named the following Defendants in this lawsuit: Prosecuting Attorney Bryan Chesshir, Prosecuting Attorney Erin Hunter, and Public Defender Mickey Buchanan. ECF No. 2. Although listed as a defendant, Plaintiff does not mention or make any allegations against Defendant Hunter in the body of the Complaint. Plaintiff alleges Defendants Buchanan and Chesshir "violated my constitution rights by not giving me and evidentiary hearing. I ask Mickey Buchanan for one and he states that Bryan Chessir would not give one". ECF No. 2. Plaintiff also alleges Defendants Buchanan and Chesshir made him take a plea agreement against his will for a crime he did not commit. ECF No. 2.

## APPLICABLE LAW

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

## DISCUSSION

Plaintiff's claims against Defendants Chessir and Hunter fail because prosecuting attorneys are immune from suits filed under 42 U.S.C. § 1983. In *Imbeler v. Pachtman*, the United States Supreme Court established absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." 424 U.S. 409, 431 (1976). This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993)

(holding that a prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity).

In addition, Defendant Buchanan, Plaintiff's public defender during his criminal proceeding, is not subject to suit under § 1983. A § 1983 complaint must allege each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also DuBose v. Kelly,* 187 F.3d 999, 1002 (8th Cir.1999). Defendant Buchanan was not acting under color of state law while representing Plaintiff in his criminal proceeding. *Polk County v. Dodson,* 454 U.S. 312, 324 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings."). Accordingly, Plaintiff has failed to state cognizable claims under § 1983 against Defendant Buchanan.

Finally, in his Complaint Plaintiff appears to be challenging the validity of his plea agreement and the denial of an evidentiary hearing during his criminal proceeding. He requests relief in the Complaint stating "I would like a $25,000,000 million dollar lawsue or my freedom back to society with this charge drop from my record". ECF No. 2. Plaintiff may not use the civil rights statutes as a substitute for *habeas corpus* relief. In other words, he cannot seek declaratory or injunctive relief relating to his confinement. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement). Accordingly, Plaintiff's claims regarding his confinement resulting from his plea agreement and his claims relating to the validity of his criminal charges fail to state cognizable claims under § 1983.

## CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 2) be **DISMISSED** with prejudice against all Defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a). I also recommend this dismissal be counted as a strike for purposes of 28 U.S.C. § 1915(g).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of December 2016.

          /s/ Barry A. Bryant
          HON. BARRY A. BRYANT
          UNITED STATES MAGISTRATE JUDGE